ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

February 18, 2004

The Honorable Harvey Hilderbran
Chair, State Cultural and
   Recreational Resources Committee
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0151

Re: Whether a person who purchases water from the Jonah Water Special Utility District but who resides in an area outside the district's boundaries is eligible to vote in a district election   (RQ-0098-GA)

Dear Representative Hilderbran:

You ask whether a person who purchases water from the Jonah Water Special Utility District (the "District") but who resides in an area outside the district's boundaries is eligible to vote in a district election.[1]

Chapter 49 of the Water Code applies "to all general . . . law districts to the extent that the provisions of this chapter do not directly conflict with a provision in any other chapter of" the Water Code or any special law. TEX. WATER CODE ANN. § 49.002(a) (Vernon 2000). Section 49.101 provides that, in general, all district elections "shall be . . . conducted in accordance with the Election Code." *Id.* § 49.101. When a district is initially created by order of either the district or the Texas Commission on Environmental Quality (the "Commission"),[2] *see id.* §§ 49.001(a)(2), .010, .011 (Vernon 2000 & Supp. 2004) (defining the term "commission" and providing for district creation), "an election shall be held *within the boundaries of the proposed district* to determine if the proposed district shall be established and, if . . . required . . . , to elect permanent directors." *Id.* § 49.102(a) (Vernon Supp. 2004) (emphasis added).

Chapter 65 of the Water Code pertains specifically to special utility districts that may be created to, among other things, "acquire sources of water supply; to build, operate, and maintain facilities" for transporting water; and to sell water to public and private entities, including individuals. *Id.* § 65.012(1). Section 65.014 permits a water supply corporation to file a resolution

---

[1]Letter from Honorable Harvey Hilderbran, Chair, State Cultural and Recreational Resources Committee, Texas House of Representatives, to Honorable Greg Abbott, Texas Attorney General (Aug. 18, 2003) (on file with the Opinion Committee) [hereinafter Request Letter].

[2]Effective September 1, 2002, the name of the Texas Natural Resource Conservation Commission changed to the Texas Commission on Environmental Quality. *See* Act of May 28, 2001, 77th Leg., R.S., ch. 965, § 18.01(a)(1), 2001 Tex. Gen. Laws 1933, 1985; "TNRCC is Now the TCEQ," at http://www.tceq.state.tx.us/name_change.html.

with the Commission requesting that a district be created. *See id.* § 65.014; *see also id.* § 65.001(4) (defining the term "commission"). The resolution must, among other things, "describe" the proposed district's "boundaries . . . by metes and bounds or by lot and block number . . . , or by any other commonly recognized means in a certificate attached to the resolution." *Id.* § 65.015(1). After a hearing on the resolution, the Commission may redefine the district's proposed boundaries in an order authorizing the district's creation, pending approval at a confirmation and directors' election. *See id.* § 65.021(a), (c). If approved, the district is considered a water conservation and reclamation district under article XVI, section 59 of the Texas Constitution. *See id.* § 65.011 (Vernon 1988). Section 65.025, which formerly provided specifically for the confirmation and directors' election, has been repealed. *See* Act of May 25, 1995, 74th Leg., R.S., ch. 715, § 48, 1995 Tex. Gen. Laws 3755, 3803. A confirmation and directors' election is now held in accordance with chapter 49 and, consequently, with the Election Code. *See* TEX. WATER CODE ANN. §§ 49.101-.102 (Vernon 2000 & Supp. 2004) (providing that district elections generally must be held in accordance with the Election Code and providing for confirmation and director elections); *see also* Act of May 25, 1995, § 2, 1995 Tex. Gen. Laws at 3762 (enacting section 49.102, Water Code).

We understand that the Jonah Water Supply Corporation (the "Corporation") was formed in 1971 as a member-owned nonprofit water supply corporation "to provide rural central Williamson County with a potable water supply." Request Letter, *supra* note 1, at 2.[3] In accordance with its certificate of convenience and necessity, the Corporation served a portion of the community of Weir, which subsequently incorporated as a municipality in 1987. *See id.* Then, in 1992 the Corporation was dissolved and "reformed" as the District, a general-law special utility district (which we will refer to as a conservation and reclamation district, *see* TEX. WATER CODE ANN. § 65.011 (Vernon 1988)), operating under chapters 49 and 65 of the Water Code.[4] *See* Request Letter, *supra* note 1, at 2.

The District's creation order specifically excludes from the District's boundaries "all municipalities within the geographic area that makes up the [D]istrict," including the City of Weir.[5] The boundaries have not been changed since the District's creation.[6] In accordance with its certificate of convenience and necessity, the District provides water utility services for some Weir residents, however. *See id.* "In 2002, some Weir citizens, whose water meters are with the District, desired to vote in the District's election. Prior to voting, they were required to submit challenge voter affidavits because their eligibility to vote in the election was disputed." *Id.* You accordingly

---

[3]*See* Letter from Susan Walton, Texas Commission on Environmental Quality, to Board of Directors, Jonah Water Special Utility District, at 2 (Sept. 26, 2002) (on file with the Opinion Committee) [hereinafter Commission Letter].

[4]*See* Letter from Karl H. Moeller, to Nancy S. Fuller, Chair, Opinion Committee, Office of the Attorney General, at 1 (Oct. 7, 2003) (on file with the Opinion Committee).

[5]*See also* Letter from Karl H. Moeller, to Susan Walton, Texas Commission on Environmental Quality, at 1 (Oct. 8, 2002) (on file with the Opinion Committee) [hereinafter Moeller Letter].

[6]*See* Letter from Susan Walton, Texas Commission on Environmental Quality, to Mrs. Tommy Walker, at 1 (Oct. 14, 2002) (on file with the Opinion Committee).

ask whether these citizens, who are in an area served by the conservation and reclamation district, may be "lawfully denied the right to vote in a district's election." *Id.*

Under section 11.001 of the Election Code, to be eligible to vote in an election, a person must, among other things, reside in "the territory covered by the election for the office or measure on which the person desires to vote," unless a specific law provides differently. TEX. ELEC. CODE ANN. § 11.001(2) (Vernon 2003); *see* TEX. WATER CODE ANN. § 49.101 (Vernon 2000) (providing that, in general, a general-law district that is subject to chapter 49 must conduct its elections "in accordance with the Election Code"); *see also* TEX. ELEC. CODE ANN. § 1.015 (Vernon 2003) (providing for determination of residence). Nothing in chapter 49 nor in chapter 65 provides that a nonresident landowner or user of district facilities is qualified to vote in a district election. Section 49.102 makes clear that the initial confirmation and directors' election is to be held "within" the proposed district's boundaries. TEX. WATER CODE ANN. § 49.102(a) (Vernon Supp. 2004). Moreover, section 65.102, which lists qualifications to serve as a district director, suggests that a person owning land in the district or a person using district facilities may be distinguished from a person who is qualified to vote in district elections: Among the qualifications, a director must "either own land subject to taxation in the district," use district facilities, or "be a qualified voter of the district." *Id.* § 65.102(3) (Vernon 1988).

In addition, the District's territory, as the creating order describes it, excludes areas within the boundaries of incorporated municipalities. *See* Moeller Letter, *supra* note 5, at 1 ("The creation order incorporates by reference a metes and bounds description of the boundaries of the District, which description is appended to the order."). The fact that a person is within the territory served by a conservation and reclamation district, in accordance with the district's certificate of convenience and necessity, is insufficient to put them within the district's "territory" for purposes of section 11.001, Election Code. A letter between the Commission and the District's board informs us that "it is not unusual for a District's boundaries not to match its . . . Certificate of Convenience and Necessity . . . 'license to serve' area," and "therefore[,] a district's [certificate of convenience and necessity] area should not be used to determine a voter's eligibility" for purposes of section 11.001 of the Election Code. Commission Letter, *supra* note 3, at 1.

We therefore conclude, consistently with section 11.001 of the Election Code, that a person who purchases water from a general-law conservation and reclamation district, such as the District, but who resides outside the district's boundaries is ineligible to vote in a district election. Only a person who resides within the District's territory may vote in the election.

## S U M M A R Y

In accordance with section 11.001 of the Election Code, a person who purchases water from a general-law conservation and reclamation district operating under chapters 49 and 65 of the Water Code, such as the Jonah Water Special Utility District, may vote in a district election only if he or she resides within the district's boundaries.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee